Green, J.,
delivered the opinion of the court.
The plaintiff in error was indicted under the first section of the act of 1842, ch. 48, for feloniously obtaining money by means of false and fraudulent pretences. The indictment charges the offence correctly, in the terms of the first section of the act; but it is insisted by the counsel for the defendant that it should have been laid, to have been committed with an intent, feloniously to steal — in the explanatory words of the third section. The third section of the act, is intended as an *605 explanation of the meaning of the words used in the first section. It declares that the words “false and fraudulent pre-tences” includes all cases of pretended buying, borrowing, hireing, &c., where the party “intended at the time he received the goods, feloniously to steal the same:” thus enumerating the various acts by which, if a party obtain possession of goods with intent to steal, he shall be guilty, under the first section, of feloniously obtaining possession thereof, by means of “false and fraudulent pretences.” But the offence is created by the first section of the act, and is well charged if laid in the words of that section.
This was virtually decided by this court in the case of the State vs. Tate, 6 Humph. R. 424, and Johnson vs. State, 6 Humph. R. 426, note, inasmuch as the indictment was held to be good in Johnson’s case, which could not have been done if the construction of the act contended for, had been sustained.
Affirm the judgment.